**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STANLEY L. NIBLACK, et al.,       :
                                  :  Civil Action No. 10-223 (GEB)
           Plaintiff,             :
                                  :
                                  :
       v.                         :  **OPINION**
                                  :
GEORGE W. HAYMAN, et al.,         :
                                  :
           Defendants.            :

**APPEARANCES:**

   STANLEY L. NIBLACK, Plaintiff pro se
   204 Stevenson Avenue
   Edgewater Park, New Jersey 08010

   Plaintiffs pro se:
   Vernon Brantley
   Robert Wiggins
   Robert Brown
   Arthur L. Cain
   Marcus V. Clemens
   Anthony Moore
   Bobby Byrd
   Vance Boakai
   Marvin J. Hodges
   Keith Stroman
   Vincent Johnson
   at
   Albert M. Bo Robinson
   377 Enterprise Avenue
   Trenton, New Jersey 08638

RECEIVED APR 20 2010 AT 8:30 WILLIAM T. WALSH, CLERK

**BROWN, Chief Judge**

   Twelve co-Plaintiffs, prisoners confined at the Albert M. Bo Robinson facility in Trenton, New Jersey, at the time they submitted this Complaint, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting

claims pursuant to 42 U.S.C. § 1983.[1] Plaintiffs name twelve (12) separate defendants.[2]

Plaintiffs allege that defendants, AMBR, John Clancy, CEC, Mr. Brockenbrough, Mr. Guynn, Ms. Rhodes, Mr. Shabazz, Mr. Bell, the NJDOC, George Hayman, Marcus Hicks, MCCI, and Charles Ellis, are liable to plaintiffs for violations of their right to access

---

[1] Seven Plaintiffs have submitted applications for leave to proceed in forma pauperis ("IFP"): (1) Stanley Niblack's application is deficient because he does not provide a complete and signed affidavit regarding his assets or liabilities; (2) Robert Wiggins' application is deficient because it does not include the required certified six-month institutional account statement, pursuant to 28 U.S.C. § 1915(a)(2); (3) Robert Brown's application is deficient because he does not include the required certified six-months institutional account statement; (4) Bobby Byrd's application is deficient because he does not include the required certified six-months institutional account statement; (5) Marcus V. Clemens' application is deficient because he does not include the required certified six-months institutional account statement; (6) Vernon Brantley's application is deficient because he does not include the required certified six-months institutional account statement; and (7) Arthur L. Cain, Sr.'s application is deficient because he does not include the required certified six-months institutional account statement. Consequently, none of the Plaintiffs have a complete IFP application.
   The Court further notes that only nine of the twelve Plaintiffs have signed the Complaint. None of the Plaintiffs, except Niblack, provide their prisoner identification number.

[2] The named defendants are: the Albert M. Bo Robinson facility ("AMBR"); John Clancy, CEO/President of the Community Education Centers ("CEC"); the CEC; Mr. Brockenbrough, Director of AMBR; Mr. Guynn, Deputy Director of AMBR; Ms. Rhoades, Unit Manager of Patience Lane at AMBR; Mr. Shabazz, Unit Manager of Hope Lane at AMBR; Mr. Bell, Senior Counselor at AMBR; Ms. McGhee, Supervisor of Nurses at the AMBR Medical Department; George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"); the NJDOC; Marcus O. Hicks, Director of Community Programs/Release; the Mercer County Correctional Institution ("MCCI"); and Charles Ellis, Warden of MCCI.

the courts for redress of grievances, as guaranteed under the First Amendment to the U.S. Constitution.

Plaintiffs also allege that defendants, AMBR, John Clancy, CEC, Mr. Brockenbrough, Mr. Guynn, Ms. Rhodes, Mr. Shabazz, the NJDOC, George Hayman, Marcus Hicks, MCCI, and Charles Ellis, are liable for violations of their rights under the Eighth Amendment to be free from cruel and unusual punishment, and under the Fourteenth Amendment's Due Process Clause, by depriving Plaintiffs of basic human needs regarding the conditions of their confinement, as well as denial of their medical needs.

Plaintiffs further allege that defendants are liable for violations of the New Jersey Civil Rights of Institutionalized Persons Act, and the New Jersey Civil Rights Act of 2004, N.J.S.A. 10:6, as well as state common law claims of negligence, gross negligence, pain and suffering, emotional distress, anxiety and depression, and hindrance and impeding Plaintiff's health and legal matters.

Plaintiffs seek declaratory and injunctive relief, and over $7 million in compensatory and punitive damages.  Plaintiffs filed an application for appointment of counsel, for class certification, and for preliminary injunctive relief.

I.  ANALYSIS

A.  Request to Proceed as a Class Action

Plaintiffs make a general application for leave to proceed as a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

Pursuant to Fed.R.Civ.P. 23(a):

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

(Emphasis added). "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." Baby Neal by Kanter v. Casey, 43 F.3d 48, 55, 30 Fed.R.Serv.3d 1469 (3d Cir. 1994).

Numerosity is the first prerequisite listed in Rule 23(a). Numerosity requires a finding that the putative class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1); Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has previously held that the numerosity requirement will generally be satisfied "if the

4

named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001). Here, Plaintiffs assert in conclusory fashion that they meet the numerosity requirement by describing the class members as "all other similarly situated prisoners held at Albert M. Bo Robinson." More specifically, however, Plaintiffs state that "over 800 prisoners" are housed at the AMBR facility. However, only twelve (12) prisoners have signed this Complaint, with an additional fourteen (14) prisoners having signed a generic declaration which lists general claims of denial of access to courts, interference with mail, and unconstitutional conditions of confinement. Thus, it is not clear that all 800 prisoners housed at AMBR would necessarily constitute the putative class. Nevertheless, it is conceivable that much more than forty (40) inmates at AMBR, even if not the 800+ prisoners total, are affected by the alleged practices concerning the lack of available legal resources and the conditions of confinement at AMBR, which would make joinder of such a large number of plaintiffs impractical. Consequently, the Court finds that Plaintiffs satisfy the numerosity requirement.

The proposed class also must satisfy the "commonality" requirement under Rule 23(a). To satisfy the commonality requirement, Plaintiffs must put forth at least one common issue of law or fact. Stewart, 275 F.3d at 227; Newton, 259 F.3d at

183; Bay Neal, 43 F.3d at 56. It is not necessary that all putative class members share identical claims. See Hassine v. Jeffes, 846 F.2d 169, 176-77 (3d Cir. 1988). "Even where individual facts and circumstances do become important to the resolution, class treatment is not precluded." Baby Neal, 43 F.3d at 57.

Next, the "typicality" requirement focuses on whether the interests of the named Plaintiffs "align with the interests of the absent members." Stewart, 275 F.3d at 227. "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based upon the same legal theory." Baby Neal, 43 F.3d at 58; see also Hoxworth v. Binder, Robinson & Co., Inc., 980 F.2d 912, 913 (3d Cir. 1992). Thus, the Third Circuit has held that:

> The "typicality" and "commonality" prerequisites of Rule 23 do not require that all of the putative class members share identical claims. These prerequisites mandate only that complainants' claims be common, and not in conflict. "Typicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.
>
> Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or "threat of injury ... [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'"

6

Hassine, 846 F.2d at 176-77 (citations omitted)(emphasis in original).

In this case, Plaintiffs fail to allege facts sufficient to permit this Court to find that the Complaint satisfies the "commonality" and "typicality" requirements, especially with respect to the principle claim alleged, denial of access to the courts by failure to provide adequate legal resources.[3] Indeed, prisoners seeking to proceed as a class asserting a claim for denial of access to the courts must allege facts showing "widespread actual injury," Lewis v. Casey, 518 U.S. 343, 349 (1996), that is:

> Because Bounds [v. Smith, 430 U.S. 817 (1977),] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," id., at 823, 97 S.Ct.., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

---

[3] This Court does note, however, that the allegations related to the inmates' conditions of confinement (unsanitary facilities, poor ventilation, and lack of laundry services for clothes and linen for 30 days) might be common to all signatories and thus, sufficient to satisfy the commonality requirement at this preliminary stage of litigation. In contrast, not all signatories may be able to allege that they were exposed to an infectious disease or were denied medical care based on inadequate record keeping.

Lewis v. Casey, 518 U.S. at 351. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim," but is limited to cases involving a challenge to the prisoner's conviction or civil rights action brought to vindicate basic constitutional rights. Id. At 354-55. Here, Plaintiffs allege simply that there is no access to a law library or legal resources in general. They have failed to allege the type of widespread injury that would justify proceeding as a class action.[4]

In addition, in this case, the typicality of claims and defenses does not appear to be present with respect to the putative class in view of uniqueness of the legal tests (and corresponding defenses) applicable to the claims raised, i.e., denial of access to the courts, denial of minimally suitable conditions of confinement (namely, issues of exposure to infectious diseases, and lack of laundry services for a period of time), interference with mail, and failure to maintain accurate

---

[4] This Court notes that the lead Plaintiff, Stanley L. Niblack, who penned the Complaint and all of the affidavits/declarations in support thereof, has recited only general allegations that his several civil rights cases pending in state court have been frustrated or impeded but he does not allege that any of his court cases have been dismissed or that he has been prevented from filing lawsuits because of inadequate access to legal resources. Likewise, none of the other plaintiffs have alleged actual injury relating to their state criminal proceedings, habeas actions or civil rights actions. Moreover, this Court observes that only Niblack has alleged an instance of interference with his mail.

medical files. For example, only Plaintiff Niblack has alleged specific instances concerning interference with his mail, and the failure to maintain an accurate medical file concerning his blood sugar and glucose levels, thus making these claims and defenses thereto, unique as to him. In addition, the length of confinement at AMBR is varied among the signatories. Most of them have been at AMBR for a short duration, and even the lead Plaintiff, Niblack, was confined there for little more than three months, and is no longer incarcerated.[5] Therefore, this Court finds that the typicality prerequisite is not satisfied by the signatories' application. See Beck v. Maximus, Inc., 457 F.3d 291, 300 (3d Cir. 2006)(noting that "class certification [is defeated upon showing of] some degree of likelihood [that] a unique defense will play a significant role at trial").

Moreover, in addition to satisfying Rule 23(a), Plaintiffs also must show that the putative class falls under at least one of the three subsections of Rule 23(b). Because Plaintiffs have not established their authority to proceed as representatives of

---

[5] On April 8, 2010, Niblack wrote a letter to inform the Court of his address change. In addition, pursuant to the NJDOC Inmate Locator Internet site, Niblack was paroled on March 24, 2010. Consequently, Niblack was confined at AMBR from December 23, 2009 (see Complaint at ¶ 21), through March 24, 2010, for a total of three (3) months.

a class under Rule 23(a), this Court need not at this time address the requirements of Rule 23(b).[6]

Finally, in addition to the considerations expressly set forth in Rule 23, there are general considerations cautioning against class certification of inmates. It is well established that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Board, 160 Fed. Appx. 249, 249 n.1 (3d Cir. 2005)(citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). The rationale for this prohibition is derivative from the

---

[6] This Court notes that class action is less favored where plaintiffs seek monetary damages, as in this case, because any award of damages requires a case-by-case examination of each class members' claims, a process best suited to individual adjudication rather than class action lawsuits. See Garcia v. Aviles, Civil Action No. 08-1855 (JLL), 2008 WL 1943787, *6 n.2 (D.N.J. April 30, 2008); Contawe v. Crescent Heights of Am., Inc., 2004 WL 2966931 (E.D.Pa. Dec. 21, 2004). Consequently, where plaintiffs seek money damages, the class must satisfy the requirements of Rule 23(b)(3) regarding the issues of predominance and superiority. See Grider v. keystone Health Plan Cent., Inc., No. 01-564, 2006 WL3825178, *14 (E.D.Pa. Dec. 20, 2006). The predominance requirement under Rule 23(b)(3) is more rigorous than the commonality requirement of Rule 23(a). See McMahon Books, Inc. V. Willow Grove Assocs., 108 F.R.D. 32, 35 (E.D.Pa. 1985). The superiority requirement must be considered from the point of view of the issues. Katz v. Carte Blanche Corp., 496 F.2d 747, 760 (3d cir. 1974). Here, this Court finds that neither the predominance or superiority requirements could be met in view of the qualitative differences in potential claims and corresponding defenses, as discussed in this Opinion, supra, at pp. 8-9, with respect to the typicality requirement under Rule 23(a).

language of Rule 23(a)(4) which requires that the class representative have the capacity to fairly and adequately protect interests of class members, and an inmate, a lay person subject to being transferred to another prison facility at any time, cannot, by definition, adequately and fairly represent other incarcerated individuals. See <u>Awala v. N.J. Dep't of Corr.</u>, No. 05-2362, 2005 WL 2044910 (D.N.J. Aug. 23, 2005), <u>appeal dismissed</u>, Fed. Appx. 133 (3d Cir. Jan. 31, 2007).

Moreover, jail populations are notably transitory and inmates are likely to be released from confinement. See <u>Garcia</u>, 2008 WL 1943787, *8. Here, the Plaintiff who crafted this lawsuit and prepared the Complaint and all papers, motions and declarations in support of this action, Niblack himself, no longer resides at AMBR, and in fact, has been released on parole on March 24, 2010. Thus, it would not be appropriate to permit these named Plaintiffs, and in particular, Niblack, to proceed as representatives of a class.

Therefore, the request to proceed as class representatives will be denied.

B. <u>Joinder</u>

This Court also finds that the claims presented here are not appropriate for joinder in one action. <u>Fed.R.Civ.P.</u> 18(a) controls the joinder of claims. In general, "[a] party asserting

11

a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

(1) Plaintiff. Persons may join in one action as plaintiffs if:
   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B) any question of law or fact common to all plaintiffs will arise in the action.
(2) Defendants. Persons ... may be joined in one action as defendants if:
   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and May Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that in forma pauperis prisoners are not categorically barred from joining as plaintiffs under Fed.R.Civ.P. 20, and further addressed certain considerations applicable to civil cases in which multiple prisoner plaintiffs seek to join in one action pursuant to Rule 20.

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157.

Here, where the entire $350.00 filing fee has not been prepaid, the full $350.00 filing fee must be assessed against **each** in forma pauperis prisoner co-plaintiff permitted to join under Rule 20, as though each such prisoner were proceeding individually. Hagan, 570 F.3d at 150. Where multiple co-

13

plaintiffs seek to proceed in forma pauperis, each must submit a complete application, accompanied by the required certified six-months institutional account statement.[7]

---

[7] Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub.L. No. 104-135, 110 Stat. 1321 (April 26, 1996)(the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id. See also Tyson v. Youth Ventures, L.L.C., 42 Fed. Appx. 221 (10th Cir.2002); Johnson v. United States, 79 Fed .Cl. 769 (2007).

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350.00 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless

14

Here, as an initial matter, the $350.00 filing fee was not prepaid. As noted previously, only seven (7) of the twelve (12) plaintiff signatories to this Complaint applied for leave to proceed *in forma pauperis*; of those seven applications, none of them appear to be complete. As the Plaintiffs have failed to meet the filing fee requirements, all applications for leave to proceed *in forma pauperis* will be denied without prejudice. If Plaintiffs move to re-open this action, or if any Plaintiff chooses to assert his claims in a new separate action, they may file new applications for leave to proceed *in forma pauperis*.

Finally, Fed.R.Civ.P. 21 provides that, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." As the Third Circuit in <u>Hagan</u> provided new guidelines regarding the procedures applicable to cases in which multiple pro se prisoner plaintiffs seek to proceed jointly, it would not be just, at this time, to sever any improperly joined claims. Instead, Plaintiffs will be given the opportunity to either (1) move to re-open this action, complying with the rules applicable to joinder of claims and parties, including the filing fee requirements, or (2) file new and separate actions asserting their individual claims.

C. <u>Preliminary Injunction</u>

Plaintiffs also filed a motion for a preliminary injunction. To secure the extraordinary relief of a preliminary injunction or

---

he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

15

TRO, plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants]; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990). The standards for a permanent injunction are essentially the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits, not a likelihood of success, to obtain a permanent injunction. See University of Texas v. Camenisch, 451 U.S. 390, 392 (1981).

Here, at least with respect to the denial of access to courts claim, Plaintiffs have not alleged facts to show 'actual injury." Consequently, Plaintiffs can not satisfy the first requirement that they may be likely to succeed on the merits. Moreover, as no one has demonstrated irreparable harm, and it is plain that the lead Plaintiff authoring this Complaint and affidavits is now released from AMBR on parole,[8] Plaintiffs

---

[8] This Court notes that Plaintiffs, Marvin J. Hodges, Robert Wiggins, Vance Boakai, Anthony Moore, and Arthur L. Cain, are no longer confined at AMBR. (See docket entry nos. 2, 4-7).

cannot satisfy the second requirement showing irreparable harm. The Court observes that any claim for injunctive relief as alleged herein, with respect to Plaintiff Niblack, and those Plaintiffs who are released or transferred from AMBR, is rendered moot upon their release or transfer.

Consequently, because Plaintiffs are unable to establish all four factors necessary for preliminary injunctive relief as required, the motion for preliminary injunctive relief will be denied at this time.

## IV. CONCLUSION

For the reasons set forth above, all pending applications for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. Plaintiffs will be granted leave to move to re-open, or file their own individual Complaints, within 30 days.[9] Any future joint amended Complaint

---

Further, it appears from the NJDOC Inmate Locator/Offender Search on the Internet that Plaintiff Vernon Brantley is scheduled for release on parole on April 26, 2010. There are too many inmates named Robert Wiggins and Robert Brown to identify their status at AMBR. Last, the remaining Plaintiffs can not be found on the NJDOC Inmate Locator/Offender Search.

[9] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

17

or individual Complaint must comply with the rules for asserting multiple claims by or against multiple parties. Finally, Plaintiffs' applications for class certification and preliminary injunctive relief are denied; and the application for appointment of counsel is denied as moot. An appropriate order follows.

                                              GARRETT E. BROWN, JR., Chief Judge
                                              United States District Court
                                              District of New Jersey

Dated: 4/20/10