**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAR 07 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

STANLEY L. NIBLACK,

        Plaintiff,

    v.

ALBERT M. BO ROBINSON,
et al.,

        Defendants.

Civil No. 10-223 (GEB)

**OPINION**

**APPEARANCES:**

    STANLEY L. NIBLACK, Plaintiff *pro se*
    204 Stevenson Avenue
    Edgewater, New Jersey 08010

**BROWN, JR.**, Chief Judge

This matter was administratively terminated by this Court, by Opinion and Order entered on April 20, 2010, because it appeared that plaintiff's application for *in forma pauperis* ("IFP") status was incomplete and no filing fee had been paid. (Docket entry nos. 8 and 9). On May 19, 2010, plaintiff Stanley L. Niblack ("Niblack") submitted a complete IFP application and amended Complaint as directed by the April 20, 2010 Opinion and Order, and asked that his case be re-opened. (Docket entry nos. 16, 17). On June 24, 2010, a text order was entered by this Court reopening this case in light of Niblack's submission of an IFP application and amended Complaint. At the time of Niblack's

request to reopen, he was no longer incarcerated and was residing in Edgewater, New Jersey. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the amended Complaint.

At this time, the Court must review the amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Niblack brings this civil action against seventeen named defendants as follows: the Albert M. Bo Robinson facility; John Clancy, CEO of the Bo Robinson program; Education and Health Centers of America; Community Education Centers; Mr. Brockenbrough; Mr. Guynn; Mr. Crane; Mr. Rhoades; Mr. Newborn; Mr. Patterson; Mr. Bell; Mr. Hawkins; Mr. Shabazz; Mr. King; George Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Marcus O. Hicks, Director of Community Release Programs for the NJDOC; and the NJDOC. (Complaint, Caption and ¶¶ 4-18). The following factual allegations are taken from the Complaint, and are accepted for purposes of this

screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Niblack alleges that he was transferred to the Bo Robinson facility on December 23, 2009. While there, he encountered problems "for a month or so" with access to the law library and legal reference materials, which allegedly hindered his ability to address his many pending legal matters. (Compl., ¶¶ 20-28). Niblack also complains that water was leaking in his room, the Bo Robinson facility had dirty, filthy bathrooms and showers, he did not have hot water for several days, and that he was exposed to excessive cold for a prolonged period of time. (Compl., ¶¶ 29-34).

Plaintiff was released on parole in April 2010. He asserts a claim of retaliation and denial of access to the courts in violation of his First Amendment rights. He also asserts a claim that the conditions of his confinement violated his rights under the Eighth Amendment, and that he was denied due process in violation of the Fourteenth Amendment because his grievances were not resolved. Finally, Niblack asserts generally that defendants' acts of retaliation violated New Jersey state law and various federal and state laws, codes, statutes and rules. Niblack seeks punitive, compensatory and special damages in excess of $ 15 million.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

A district court is required to review a complaint in a civil action in which a litigant is proceeding in forma pauperis, to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

4

complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court revised the standard for summary dismissal of a Complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  <u>Id</u>.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Fed.R.Civ.P.</u> 8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

> cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

6

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before <u>Twombly</u>. <u>Fowler</u>, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id</u>.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89

---

[2] In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Id</u>., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

(2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## III. ANALYSIS

A. Retaliation Claims

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

Based on the allegations as set forth above, this Court finds that Niblack fails to state a retaliation claim against the defendants. Niblack merely asserts threadbare recitals of the elements of a cause of action, supported only by bare conclusory statements, which is not sufficient under Rule 8 to state a cognizable claim. See Iqbal, 129 S.Ct. at 1949-50. Therefore, Niblack's claims of retaliation under the First Amendment will be dismissed for failure to state a claim at this time.

B. Access to Law Library Claim

This Court next considers Niblack's allegations that he has been denied access to the courts (via denial of access to the law library and legal reference materials) in violation of his First Amendment rights. Courts have recognized different constitutional sources for the right of access to the courts. Principally, the right of access derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[3] The right of access to the

---

[3] The right of access to the courts is an aspect of the First Amendment right to petition. McDonald v. Smith, 472 U.S. 479, 482 (1985); Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). The Supreme Court also found that "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also, Hudson v. Palmer, 468 U.S. 517, 523 (1984)("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); Bounds v. Smith, 430 U.S. 817 (1977); Wolff v.

courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." Id. at 825. "'[T]he touchstone ... is meaningful access to the courts.'" Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988)(quoting Bounds, 430 U.S. at 823)(internal quotation omitted).

In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

---

McDonnell, 418 U.S. 539, 576 (1974). The right of access to the courts might also arise under the Sixth Amendment's right to counsel; however, under the circumstances of the present case, the Sixth Amendment clearly is not implicated.

incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000). But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library

that he was unable to file even a complaint." <u>Lewis</u>, 518 U.S. at 351.

Here, Niblack fails to allege any actual injury as a result of the alleged denial of access to the law library. He does not allege that he was unable to file this or any other complaint in the courts, and in fact, he has not been limited in filing the instant action, or his other federal court complaints. He also does not allege that any of his court cases were dismissed because he did not have timely access to the courts. In short, Niblack fails to articulate how the alleged denial of access to the law library has hindered his efforts to either pursue this claim or defend himself in any pending state or federal proceedings. Consequently, the allegations in the Complaint are too conclusory to show a denial of court access sufficient to rise to the level of a constitutional deprivation under the <u>Iqbal</u> pleading standard. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation .... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Iqbal</u>, 129 S.Ct. at 1949 (citations and internal quotation marks omitted). Accordingly, Niblack's claim alleging denial of access to the courts based on an alleged failure to provide access to the law library will be dismissed without prejudice for failure to state a claim.

C. <u>Conditions of Confinement Claim</u>

Niblack next asserts that the conditions of his confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. "The Eighth Amendment to the United States Constitution prohibits any punishment which violates civilized standards and concepts of humanity and decency." <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992), <u>superseded on other grounds</u> by 42 U.S.C. § 1997e(a). A prisoner does not lose this protection despite a prison sentence, for "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). In order to establish a claim under the Eighth Amendment based on conditions of confinement, the Supreme Court has set forth a two-part test with objective ("Was the deprivation sufficiently serious?") and subjective ("Did the officials act with a sufficiently culpable state of mind?") components. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). The objective element requires a prisoner to show that his living conditions amounted to a "serious deprivation of basic human needs." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). The subjective element demands that the prisoner demonstrate "that prison officials acted or failed to act with deliberate indifference." <u>Ingalls v. Florio</u>, 968 F. Supp. 193, 198 (D.N.J. 1997).

With regards to the objective prong, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 347. "To the extent that such conditions are harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Conditions of confinement for convicted criminals are unconstitutional only when they "deprive inmates of the minimal civilized measure of life's necessities." Id. Indeed, under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993).

In this case, Niblack's complaints about the conditions of his confinement were of such short duration, a matter of several months at most, that they fail to rise to the level of a constitutional deprivation under the Eighth Amendment, *i.e.*, they are not sufficient to state a claim that he has been deprived of life's necessities for an unreasonable period of time. Moreover, he does not allege that he was deprived of basic human needs, only that water leaked from the ceiling in his room for a short period of time, that the bathroom facilities were dirty, and he did not have hot water for several days. Therefore, plaintiff's Eighth Amendment conditions of confinement claim will be dismissed for failure to state a claim at this time.

D.  <u>Denial of Due Process Claim</u>

Niblack further makes a general claim that he was denied due process because his grievances were not acted upon by the defendants. The Court finds the allegations in the amended Complaint are too conclusory to show a denial of due process claim sufficient to rise to the level of a constitutional deprivation under the <u>Iqbal</u> pleading standard. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation .... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Iqbal</u>, 129 S.Ct. at 1949 (citations and internal quotation marks omitted). Therefore, this claim will be dismissed for failure to state a claim.

E.  <u>State Law and Common Law Claims</u>

Because this Court has dismissed all asserted claims over which it has original federal jurisdiction,[4] the Court will decline supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over all remaining state and common law claims.

---

[4] In addition to the retaliation claim, access to courts claim, conditions of confinement claim, and denial of due process claim, Niblack makes a general assertion that defendants violated his federal constitutional rights as well as federal laws, codes, statutes and rules. Because the Complaint fails to allege facts sufficient to support this general assertion of federal violations, and such claims rest solely on threadbare allegations and conclusory statements that fail to satisfy the pleading requirements under Rule 8, <u>see Iqbal</u>, 129 S.Ct. at 1949-50, this Court finds no actionable federal claims at this time.

Therefore, the Complaint will be dismissed without prejudice, in its entirety, as against all defendants at this time.

## IV. <u>CONCLUSION</u>

Therefore, for the reasons set forth above, Niblack's amended Complaint (docket entry no. 17-1) will be dismissed without prejudice in its entirety as against all named defendants, for failure to state a cognizable claim upon which relief may be granted at this time, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order follows.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: 3/7/11